# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEE WILLIAMS,<br><br>        Petitioner,<br><br>   v.<br><br>M. D. McDONALD,<br><br>        Respondent. | 1:11-cv-00801-JLT HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS CONTAINING UNEXHAUSTED CLAIMS (Doc. 1)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On May 31, 2011, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 4).

    The instant petition was filed on May 17, 2011. (Doc. 1). In the petition, Petitioner appears to allege the following claims: (1) ineffective assistance of trial counsel in, inter alia, failing to investigate whether Petitioner sought to register as a sex offender; (2) denial of due process because appointed counsel refused to investigate evidence Petitioner wished to present and would not file a habeas petition Petitioner wished to have filed; and (3) violation of federal due process and equal protection because his appointed appellate counsel was not obligated to investigate issues outside the appellate record, unlike the situation available to non-incarcerated appellants; (4) Petitioner's sentence is cruel and unusual; and, (5) violation of the federal ex post

facto law by the court's use of a prior conviction that preceded the enactment of California's Three Strikes Law.

When a preliminary review of the Petition revealed that some of Petitioner's claims may be unexhausted, the Court, on June 1, 2011, issued an Order to Show Cause why the petition should not be dismissed as unexhausted. (Doc. 5). The Order to Show Cause gave Petitioner thirty days within which to file a response. To date, Petitioner has not responded in any way to the Court's order. Accordingly, the Court will order the petition dismissed.

A.  Preliminary Review of Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  Exhaustion.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis);

1  Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

2      Additionally, the petitioner must have specifically told the state court that he was raising
3  a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,
4  669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th
5  Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States
6  Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner states that, on direct appeal, he raised the following issues: (1) insufficient evidence that Petitioner failed to register; (2) inadequate instructions presented to the jury; and (3) trial counsel rendered ineffective assistance to Petitioner. (Doc. 1, p. 2). Petitioner also alleges that he filed a state habeas petition claiming ineffective assistance of appellate counsel. (Doc. 1, p. 3). This claim, however, was apparently presented only to the Madera County Superior Court and the California Court of Appeal, Fifth Appellate District ("5th DCA"), not the California Supreme Court. (Id.). As such, it is unexhausted.

3

1    Petitioner then alleges that three of his five claims consist of "facts outside the record,"
2 that the fourth claim was only presented to the 5th DCA, and that his fifth claim is "interwoven
3 with Fourth by protection of U.S. Constitution." (Doc. 1, p. 7). The Court can find no basis in
4 the instant petition on which to conclude that Petitioner exhausted his third claim, i.e., equal
5 protection violation based on counsel's lack of obligation to pursue collateral remedies, or his
6 fourth claim, i.e., cruel and unusual punishment, or his fifth claim, violation of the ex post facto
7 clause of the federal constitution. In other words, it appears that the only claims that may be fully
8 exhausted are claims one and two.

9    The Court must dismiss a petition that contains unexhausted claims, even if it also
10 contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United
11 States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct.
12 265 (1997).

13    Petitioner was afforded three options; (1) withdraw the unexhausted claims and go
14 forward with only the exhausted claims; (2) move to withdraw the entire petition and return to
15 federal court when all claims are fully exhausted; (3) do nothing and risk dismissal of the petition
16 as a mixed petition. The Order to Show Cause expressly warned Petitioner that failure to comply
17 with the Order to Show Cause "may result in a Recommendation that the Petition be dismissed
18 pursuant to Local Rule 110." By failing to respond in any way to the Court's Order to Show
19 Cause, Petitioner has apparently chosen the third option of doing nothing. Therefore, the Court
20 will dismiss the petition as a mixed petition.

21    Moreover, the Court declines to issue a certificate of appealability. A state prisoner
22 seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
23 his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537
24 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate
25 of appealability is 28 U.S.C. § 2253, which provides as follows:

26    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district
    judge, the final order shall be subject to review, on appeal, by the court of appeals for the
27    circuit in which the proceeding is held.
    (b) There shall be no right of appeal from a final order in a proceeding to test the validity
28    of a warrant to remove to another district or place for commitment or trial a person

```
charged with a criminal offense against the United States, or to test the validity of such
person's detention pending removal proceedings.
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may
not be taken to the court of appeals from--
        (A) the final order in a habeas corpus proceeding in which the detention
            complained of arises out of process issued by a State court;  or
        (B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has
made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue
or issues satisfy the showing required by paragraph (2).
```

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Accordingly, the Court DECLINES to issue a certificate of appealability.

**ORDER**

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as a mixed petition;

2. The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **September 11, 2011**                        /s/ **Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE